P. F. Pratt *vs.* P. A. Ducey.

June 12, 1888.

**Logs and Lumber—Construction of Scale-Bill.**—Where logs were purchased, to be "scaled on the bank" by the surveyor general, and the scale-bill, as returned, shows on its face that part of the logs were "averaged," the presumption is that they were not actually surveyed, but estimated.

**Same—Scale-Bill held Insufficient.**—*Held*, that the scale-bill was properly rejected as evidence as respects logs so "averaged," and that the court was warranted in receiving in evidence an authorized resurvey in the boom of all the logs so purchased; the amount thereof being in excess of the amount of the logs actually scaled, as appearing by the first-named scale-bill.

Plaintiff brought this action in the district court for Anoka county to recover a balance of the price of logs delivered under a written contract of sale. The pleadings admitted that it was agreed that the quantity of the logs sold "should be determined by the bank scale of the surveyor general of said log district or his deputy." The complaint alleges that the deputy made and reported a bank scale of the logs, made in the winter of 1885–6, (being the same which is set out in the opinion,) and asks judgment for the price as thus ascertained. The answer put in issue the alleged scaling, and averred that the actual quantity of logs did not exceed 1,352,160 feet. At the trial, before *Young*, J., without a jury, the scale-bill mentioned in the opinion was received in evidence, against defendant's objection. The defendant offered in evidence a later scale-bill, showing scalings of logs of the same mark made by the surveyor general's deputy in 1886 and 1887 in the booms at Minneapolis and other points on the river, showing 10,471 logs, containing 1,404,290 feet. The court found that the bank scale showed an estimate and not an actual scaling of

the logs "averaged," and was not a compliance with the contract, and that the boom scale, which was unimpeached, should be taken as showing the true quantity, and plaintiff's recovery should be limited to that quantity. A new trial was refused, and plaintiff appealed.

*Hammons & Hammons,* for appellant.

*Geo. C. Ripley, C. E. Brennan,* and *S. A. Booth,* for respondent.

VANDERBURGH, J. The logs in controversy were cut and "banked" in the winter of 1886. After a part had been cut and hauled, a deputy of the surveyor general was sent to the woods to survey them. The court finds that he was unable to make an accurate scale of all the logs, because of the position of the same in the river where they had been hauled. Upon the 8th day of March following, defendant made a contract with the plaintiff for the purchase of the logs, the same to be scaled "on the bank" by the surveyor general or his deputy. The deputy-surveyor commenced scaling in January, and continued to scale the logs as they were hauled, until March 15, 1886. The plaintiff produced in evidence the scale-bill of the surveyor, to establish the amount of logs for which he claims to be entitled to recover in this action, which is for an unpaid balance of the purchase price. It is objected that the bill on its face shows that only a part of the logs therein designated were actually scaled. The plaintiff claims to recover for 10,097 logs, representing 1,577,960 feet, as returned by the surveyor's bank scale, while the defendant, though he admits receiving the full number of logs therein designated, (and more,) insists that it appears on the face of the bill that only a portion of the logs were actually scaled, and that the plaintiff has furnished no proof of the number of feet contained in those logs. The following is all that the record of the scale shows on the subject:

| | Logs. | Feet. |
|---|---|---|
| Scaled by Deputy Chas. Barr, hauled by Chesley & Lindsay, - - - - - - - - | 5,712 | 900,430 |
| Averaged, - - - - - - - | 2,066 | 324,360 |
| Hauled by Lang, - - - - - - | 2,319 | 353,170 |
| | 10,097 | 1,577,960 |

The defendant refused to be bound by this scale, and so notified plaintiff, but drove all the logs into the boom, and caused them to be resurveyed there, the new scale showing an increased number of logs bearing the proper mark, but only 1,404,290 feet. We agree with the trial court that the use of the word "Averaged," opposite the separate number in question, shows, in the absence of any explanation or further evidence, that the number of feet indicated was ascertained, not by actual measurement, but by "averaging" these logs with others; and, since the defendant admits a liability for an amount considerably in excess of the remaining items in the bill, it is difficult to see how this scale-bill can be of any service in ascertaining the exact amount of logs "banked." It was presumably too late to remedy the defect in the bank scale, and that scale cannot be considered evidence in respect to logs not surveyed. The plaintiff has offered no other proof of the amount, and there is no reasonable ground for disputing the accuracy of the boom scale, by which the defendant is willing to abide. It follows, therefore, we think, that the trial court was right in adopting it as the basis of his estimate of the balance due plaintiff; and the plaintiff was, in any event, allowed more than by his own evidence he showed himself entitled to.

Order affirmed.